UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

CIVIL ACTION NO. 17-158-DLB

KIERON LEE                                                                                              PETITIONER

vs.                        **MEMORANDUM OPINION AND ORDER**

UNITED STATES OF AMERICA                                                           RESPONDENT

\*\*\* \*\*\* \*\*\* \*\*\*

In 2013, Kieron Lee pled *nolo contendere* to being a felon in possession of ammunition in violation of 18 U.S.C. § 922(g). The United States District Court for the Western District of Tennessee sentenced Lee to 96 months in prison. *See* Redacted Judgment, *United States v. Lee*, No. 2:12-cr-20124-SHL (W.D. Tenn. 2013) (Doc. # 54 therein).

Lee is now an inmate at the United States Penitentiary – McCreary in Pine Knot, Kentucky. Proceeding without a lawyer, Lee filed a motion both with this Court and the Western District of Tennessee asking the courts to set aside his criminal conviction under Federal Rule of Civil Procedure 60(b)(2), (4), and (6). (Doc. # 1). Lee claims that, in his criminal case, the Government was required to prove that the ammunition in question crossed a state line before he allegedly possessed it, and he says that he "recently discovered" through an internet search that the ammunition may never have actually crossed a state line. *Id.*

1

The Western District of Tennessee denied Lee's motion. That court noted that "Mr. Lee's case was criminal, not civil, and Mr. Lee cites no authority that indicates that Rule 60(b) may lead to the voiding of a criminal judgment, rather than a civil one." Order Denying Defendant's Motion To Set Aside Judgment, *United States v. Lee*, No. 2:12-cr-20124-SHL (W.D. Tenn. 2013) (Doc. # 60 therein).

This Court, too, will deny Lee's motion. The United States Court of Appeals for the Sixth Circuit has repeatedly recognized that "Rule 60(b) is not applicable to criminal proceedings and may not be used to disturb a criminal sentence or conviction." *United States v. Gibson*, 424 F. App'x 461, 464 (6th Cir. 2011) (internal citation and quotation marks omitted); *see also United States v. Bender*, 96 F. App'x 344, 345 (6th Cir. 2004) ("Fed. R. Civ. P. 60(b) does not apply in criminal proceedings.").[1]

Even if this Court construes Lee's motion as a petition for a writ of habeas corpus under 28 U.S.C. § 2241, the petition is unavailing. The proper way for a federal prisoner to challenge his or her conviction is through a direct appeal and a motion to vacate pursuant to 28 U.S.C. § 2255. *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). Petitioner has not done that. *Id.* For all those reasons, this Court cannot grant the relief Lee seeks in a § 2241 petition.

---

1   Lee cites *Franklin v. Jenkins*, 839 F.3d 465, 473 (6th Cir. 2016), in support of his motion. (Doc. # 1 at 4). But *Franklin* is of no help to Petitioner, because that case explains how Rule 60(b) applies to a motion to set aside an order denying a habeas petition under 28 U.S.C. § 2254, a civil proceeding to which the Federal Rules of Civil Procedure apply "to the extent that [they are] not inconsistent with applicable federal statutory provisions and rules." *Gonzalez v. Crosby*, 545 U.S. 524, 529 (2005) (internal quotation marks omitted). *Franklin* does not apply Rule 60(b) to motions to set aside criminal convictions.

Accordingly, **IT IS ORDERED** as follows:

1) Lee's "motion to set aside a judgment" (Doc. # 1), which the Court construes as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, is **DENIED**;

2) This action is **DISMISSED** and **STRICKEN** from the Court's docket; and

3) A Judgment will be entered contemporaneously herewith.

This 2nd day of August, 2017.

Signed By:
*David L. Bunning* DB
United States District Judge

K:\DATA\ORDERS\ProSe\Lee 17-158-DLB Memorandum CDS.docx